# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**OPELTON PARKER, JR. by his**
**Next Friend JULIETTE PARKER,**

       Case No.

    Plaintiff,              Hon:

v.

**CITY OF HIGHLAND PARK, a**
**municipal corporation, RANDY PERRY,**
**FRANK GEORGE, OFFICER OCHS, JOSH**
**FRYCKLAND, individually**

       Defendants,

_____/

**KENNETH D. FINEGOOD P36170**
KENNETH D. FINEGOOD, P.L.C.
Attorney for Plaintiff
29566 Northwestern Hwy, Suite 120
Southfield, MI 48034
248-351-0608
Kdfesq44@aol.com

_____/

## COMPLAINT AND DEMAND FOR JURY

    **NOW COMES**, plaintiff Opelton Parker, Jr. by his Next Friend Juliette

Parker, by and through her attorney, Kenneth D. Finegood, P.L.C. and for her

complaint states as follows:

## JURISDICTION AND VENUE

1.      This action is brought pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendment of the Constitution of the United States.

2.      Jurisdiction of this Court is based upon 28 U.S.C. §1331 (federal question) and §1343 (civil rights)

3.      Venue is appropriate in this Court pursuant to 28 U.S.C. §1391 as the defendants upon information and belief reside in the Eastern District of Michigan, and this district is where the claim arose.

4.      That defendant, City of Highland Park, is a municipal corporation formed pursuant to the laws of the state of Michigan and one of the functions of the City of Highland Park is to organize, operate, staff and supervise the City of Highland Park Police Department.

5.      The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars.

## GENERAL ALLEGATIONS

6.      That plaintiff, Opelton Parker, Jr. (Parker) is a protected individual whose legal guardian is Juliette Parker, residing in Wayne County, Michigan.

7.      That plaintiff Parker, is a developmentally disabled adult due to Autism Spectrum Disorder ("ASD") manifested by communication and social-processing deficits.

8.     That Juliette Parker is the natural mother, appointed guardian and next friend of Opelton Parker, Jr. a protected person, living in Wayne County, Michigan on the date of loss.

9.     That defendants' Randy Perry, Frank George, Officer Ochs and Josh Fryckland upon information and belief are residents of the state of Michigan and employed as a law enforcement officers with the Highland Park Police Department located, in Wayne County, Michigan.

10.     That defendants' Randy Perry, Frank George, Officer Ochs and Josh Fryckland are sued in their individual capacities.

11.     That on July 18, 2015, plaintiff Parker was attending the Jazz Festival, in Highland Park, Michigan, when defendant officers Randy Perry and Frank George arrived to investigate an alleged disturbance.

12.     That defendant officers accosted plaintiff Parker while seated on the ground posing no immediate threat to officer safety at any time.

13.  That although defendant officers had knowledge of Parker's obvious non-verbal disability due to ASD and fact that Parker was not engaged in any criminal act, nor posing any immediate threat to officer safety, defendant officers Frank George and Randy Perry directed unreasonable force against Parker forcefully taking him to the ground while directing unreasonable knee strikes,

although Parker neither resisted nor obstructed defendant officers George and

Perry at any time.

14.   That upon arrival on the scene defendant officers Josh Fryckland and

Ochs with knowledge of Parker's obvious non-verbal disability due to ASD,

directed excessive force against Parker by multiple tazer deployment causing

serious injury, pain and suffering, although Parker neither resisted, obstructed or

posed any immediate threat to officer safety at any time.

15.     That although Reverend Opelton Parker, Sr., father of plaintiff Parker,

Jr. advised defendant officers of his son's autism including nonverbal deficits,

defendant officers coerced Parker, Sr. to petition his son for psychiatric

commitment at Detroit Receiving Hospital or face arrest, based upon reckless

indifference to Parker, Jr.'s known developmental disability.

16.     Defendant officers all participated, assisted, and/or failed to intervene

in the unlawful use of excessive force, unlawful detention of Parker, Jr. and

coercion of Parker, Sr. to petition his son for psychiatric commitment, despite

actual knowledge of Parker's autism and nonverbal deficits.

17.     That the use of excessive force, unlawful detention and failure to

accommodate the disabled plaintiff under the totality of circumstances constitutes

unreasonable seizure based upon excessive force under the Fourth and Fourteenth

Amendments of United States Constitution, and violation of Title II of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12131-12134.

18.     That the conduct of the named defendants under the facts of this case are not subject to qualified immunity or other immunities granted by law.

19.     As a result of defendant's actions, plaintiff Opelton Parker, Jr. suffered loss of liberty, indignity, and injuries including: electrical shock, contusion swelling to the eyes, face and body all of which resulted in pain and suffering, shock, humiliation, fright, mental/emotional injury and medical expense.

## COUNT I:

## DEPRIVATION OF CIVIL RIGHTS/INDIVIDUAL DEFENDANTS

20.     Plaintiff hereby incorporates by reference paragraphs 1 through 17 of this complaint.

21.     At all times pertinent hereto, defendants Randy Perry, Frank George, Ochs and Josh Fryckland were employed as Highland Park Police Officers acting within the scope of their employment as police officers, under color of law pursuant to authority granted them as police officers.

22.     That defendants maliciously, wrongfully, and with reckless disregard for the ramifications of their actions, used unreasonable and excessive force by multiple tazing, use of forceful body strikes while taking plaintiff to the ground and detention despite actual knowledge of his disabilities, depriving plaintiff of his

civil rights including but not limited to his right to be free from unreasonable seizure and excessive force and deprivation of his right to reasonable accommodation under federal law, contrary to the Constitution of the United States and the federal ADA law.

23.    The actions herein enumerated constitute the deprivation of protected liberty interests and rights secured by the United States Constitution, to wit, violation of the Fourth and Fourteenth  Amendment of the Constitution of the United States, 42 USC §1983 and Title II of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12131-12134.

24.    That plaintiff Parker had a clearly established liberty interest under the Constitution in not being subject to excessive force by multiple tazer deployment, and as a qualified individual with a disability, the right to reasonable accommodation and protection from discrimination or indignity in the course of law enforcement activity, as provided under Title II of the American with Disabilities Act ("ADA") 42 U.S.C. §§ 12131-12134.

25.    That reasonably competent police officers properly trained while encountering and detaining a person with obvious developmental disabilities would have known that the manner and method of force used by defendants against plaintiff was excessive, unreasonable and violative of the ADA.

26.    As a result of defendant's actions, plaintiff Opelton Parker, Jr. suffered loss of liberty, indignity and injuries including, but not limited to: electrical shock, contusion to the face and body all of which resulted in pain and suffering, shock, humiliation, fright, mental/emotional injury and medical expense.

27.  As a direct and proximate result of the action of defendants and injuries sustained, plaintiff has suffered the loss of enjoyment of life and is unable to attend to his normal activities of daily living and recreational activities, including past, present and future medical expense.

28.    That the conduct of the named defendants, under the facts of this case, are not subject to qualified immunity or other immunities granted by law.

## COUNT II:

## 42 U.S.C. § 1983 *MONELL* CLAIM
## DEFENDANT CITY OF HIGHLAND PARK

29. Plaintiff hereby incorporates by reference paragraphs of Count I of this complaint.

30. At all times herein the individual defendants were acting pursuant to the customs, policies and/or practices of the defendant City of Highland Park.

31. At all times herein defendant City of Highland Park established, promulgated and maintained customs, policies and/or practices with regard to the City of Highland Park Police Department.

32. At all times herein defendant City of Highland Park through its police department established, promulgated and maintained customs, policies and/or practices which inadequately trained or supervised their officers regarding foreseeable interaction, detention and arrest of citizens, whom officers knew or should have known to be developmentally disabled by autism spectrum disorder or other disabilities involving communication and social processing deficits, which was the moving force behind the violation of plaintiff's constitutional rights.

33. That defendant City of Highland Park through its police department's policies or practices, engages in the systematic deprivation of civil rights of citizens and/or arrestees by, among other things, a failure to train or supervise officers in the proper use of force including but not limited to, taser deployment on unthreatening citizens, passively resistant, emotionally distressed and/or developmentally disabled citizens, including a lack of policies or procedures prohibiting multiple taser deployment on unthreatening persons while posing no immediate threat to officer safety which was the moving force behind the violation of plaintiff's constitutional rights.

34. That defendant City of Highland Park's failure to promulgate policies, practices or training regarding the reasonable modification/accommodation, discrimination or abuse of disabled persons including stops, arrest, seizure and

8

detention pursuant to the provisions of Title II of the ADA 42 U.S.C. §§ 12131-12134 was the moving force behind the violation of Parker's constitutional rights.

35.    As a result of defendant City of Highland Park's policies, customs and practices, plaintiff Opelton Parker, Jr. suffered loss of liberty, indignity and injuries including, but not limited to: electrical shock, contusion and swelling to the face, eyes and body all of which resulted in pain and suffering, shock, humiliation, fright, mental/emotional injury and medical expense.

36.  As a direct and proximate result of the action of defendants and injuries sustained, plaintiff has suffered the loss of enjoyment of life and is unable to attend to his normal activities of daily living and recreational activities, including past, present and future medical expense.

37.    That the conduct of the named defendants, under the facts of this case, are not subject to qualified immunity or other immunities granted by law.

WHEREFORE, plaintiff requests this Court award fair and just compensation in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages, together with costs, interest and attorney fees deemed fair, equitable and just by the trier of fact.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

 /s/ Kenneth D. Finegood
    Kenneth D. Finegood, P.L.C.
    29566 Northwestern Hwy Ste 120
    Southfield, MI 48034
    248-351-0608
    KDFesq44@AOL.com
    (P36170)

Dated: June 28, 2018