UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPELTON PARKER, JR. and
JULIETTE PARKER, as his legal guardian,

    Plaintiffs,

Case No. 18-cv-12038
Hon. Matthew F. Leitman

v.

CITY OF HIGHLAND PARK, *et al.*,

    Defendants.
_____/

## ORDER (1) GRANTING MOTION TO SET ASIDE DEFAULTS (ECF # 19), (2) SETTING ASIDE DEFAULTS (ECF ## 13, 14, AND 15), AND (3) DIRECTING MOVING DEFENDANTS TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT

On August 10, 2018, the Clerk of the Court entered defaults against Defendants Fryckland, Ochs, and Perry (the "Defaulted Defendants"). (*See* ECF ## 13, 14, 15.) The Defaulted Defendants have now moved to set aside the defaults. (*See* ECF #19.) For the reasons stated below, the motion is **GRANTED**.

The Defaulted Defendants seek relief under Rule 55(c) of the Federal Rules of Civil Procedure. That rule provides, in relevant part, that a district court may set aside a default "for good cause." Fed R. Civ. P. 55(c). In *Raimondo v. Vill. of Armada*, 197 F.Supp.2d 833 (E.D. Mich. 2002), this Court explained the standard to be applied in evaluating a motion to set aside a default under Rule 55(c):

1

> Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default. *Shepard Claims Service v. William Darrah & Assoc.,* 796 F.2d 190, 193 (6th Cir.1986). Three factors must be determined to set aside a default under Rule 55(c): 1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether culpable conduct of the defendant led to the default. *Id.* at 192. All three factors must be considered in ruling on a motion to set aside entry of default. *Id.* at 194. However, when the first two factors militate in favor of setting aside the entry of default, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in absence of a willful failure of the moving party to appear and plead. *Id.* In a Rule 55(c) motion to set aside entry of default, the "good cause" standard is applied and it is not absolutely necessary that the neglect or oversight by a defaulted defendant is a reason for the delay to be excusable. To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings. *Id.* In *Shepard Claims Service,* the court of appeals found that because defendant filed an entry of appearance and an answer shortly after learning that default had been entered, the delay was not lengthy and there was no pattern of disregard for court orders or rules. The strong policy in favor of deciding cases on the merits outweighed any inconvenience to the court or plaintiff. *Id.* The Sixth Circuit notes in *Shepard Claims Service* that a more lenient standard is applied to a Rule 55(c) motion where there has only been an entry of default than to a Rule 60(b) motion where judgment has been entered. *Id.* at 193. Since entry of default is just the first procedural step on the road to obtaining a default judgment, the same policy of favoring trials on the merits applies. *Id.*

*Id.* at 837-37.

When the Court balances these three factors here, it concludes that it should set aside the defaults. First, Plaintiff will not suffer any prejudice if the Court sets aside the defaults. This case is in its infancy, and Plaintiff has not suggested that the slight delay caused by the Defaulted Defendants' failure to timely answer or otherwise respond to the Complaint has harmed Plaintiff's litigation position in any way. Second, the failure to timely answer or otherwise respond does not appear to have resulted from the Defaulted Defendants' intent to thwart these judicial proceedings or their reckless disregard for the effect of their conduct on these proceedings. Instead, the City Attorney of Highland Park, the Defaulted Defendants' initial counsel, was facing some health challenges and was confined to his home through the month of August, and those circumstances appear to have hindered the transfer of the representation of the Defaulted Defendants to new counsel. (*See* Aff. of Kathy Ramsey, ECF 19 at Pg. ID 74-75.) Finally, the Defaulted Defendants may have a meritorious defense that Plaintiff was actively resisting arrest at the time they made contact with him and that their use of force against Plaintiff was lawful. Defendants support this defense with a police report (*See id.* at Pg. ID 84), rather than an affidavit, but the facts recited in the report, if true, could perhaps support a defense to Plaintiff's claims. Under all of these circumstances, the Court concludes that it is appropriate to set aside the defaults entered against the Defaulted Defendants.

Accordingly, **IT IS HEREBY ORDERED** that the Defaulted Defendants' motion to set aside the defaults (ECF #19) is **GRANTED**, the defaults (ECF ##13, 14, and 15) are **SET ASIDE**, and the Defaulted Defendants are directed to answer or otherwise respond to the Complaint **by October 10, 2018**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 21, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 21, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764