UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPELTON PARKER JR. by his legal guardian
JULIETTE PARKER,

    Plaintiffs,

v.

                                      Case No. 18-cv-12038
                                      Hon. Matthew F. Leitman

CITY OF HIGHLAND PARK, *et al.*,

    Defendants.

_____/

## ORDER (1) DISMISSING MOTION FOR SUMMARY JUDGMENT (ECF No. 54) WITHOUT PREJUDICE, (2) TERMINATING MOTION TO ADJOURN HEARING (ECF No. 68) AS MOOT, AND (3) GRANTING DEFENDANTS' LEAVE TO FILE SECOND SUMMARY JUDGMENT MOTION

In this action, Plaintiff Opelton Parker, Jr. alleges that four City of Highland Park police officers violated his constitutional rights when the officers detained him at a music festival and repeatedly struck and tased him. (*See* Frist Am. Compl., ECF No. 37.) On April 3, 2021, Defendants filed a motion for summary judgment. (*See* Mot., ECF No. 54.) The motion was fully briefed, and the Court scheduled a hearing on the motion for February 8, 2022. (*See* Notice of Hearing, ECF No. 62.)

On February 4, 2022, William Ford, the City Attorney for Highland Park, contacted the Court's case manager and informed her that because Defendants' counsel had experienced a health issue, counsel would not be able to continue in this case. Mr. Ford asked the Court to adjourn the February 8 hearing for 30 to 45 days

1

in order to give a newly-assigned attorney sufficient time to learn the case and prepare for oral argument on the summary judgment motion. The Court granted Mr. Ford's request and re-scheduled the hearing for March 21, 2022. (*See* Notice of Hearing, ECF No. 63.)

New counsel for Defendants filed an Appearance on March 2, 2022. (*See* Appearance, ECF No. 65.) On that same day, counsel filed a motion to adjourn the hearing on Defendants' motion for an additional 30 days in order to give him sufficient time to review the record in this case. (*See* Mot., ECF No. 65.) The Court denied that motion on March 3, 2022. (*See* Order, ECF No. 66.[1])

On March 16, 2022, the parties filed a joint motion again asking the Court to adjourn the scheduled hearing. (*See* Mot., ECF No. 68.) The parties explained that the hearing needed to be adjourned because Defendants' new counsel needed to have surgery and would not be sufficiently recovered before the March 21 hearing date. (*See id.*)

In preparation for the summary judgment hearing, the Court has reviewed both parties' briefs. The Court has serious concerns that the briefing, from both parties, does not sufficiently address all of the potentially key issues that must be considered in order to properly resolve Defendants' motion. The Court therefore

---

[1] The Court did grant Defendants' counsel's request to hold the hearing virtually rather than in person in order to accommodate Defendants' counsel's health issues. (*See* Order, ECF No. 66.)

2

concludes that the best course of action is to adjourn the scheduled March 21 hearing, dismiss Defendants' currently-pending motion for summary judgment without prejudice, and grant Defendants leave to file a second summary judgment motion. In the new round of briefing in connection with Defendants' second motion for summary judgment, the parties shall address, in addition to all of the issues raised in the briefing on Defendants' first motion for summary judgment, the following issues:

- Whether the Court should use a segmented analysis and analyze each tasing of Parker individually – *i.e.*, whether the Court must determine whether each tasing, individually, amounted to a constitutional violation and whether the Court must conduct a qualified immunity analysis with respect to each tasing individually.

- Assuming *arguendo* that the Court concludes that it must analyze each tasing individually, the parties shall provide their analysis, on a tasing-by-tasing (*i.e.*, individual) basis, as to whether (a) each tasing amounted to a constitutional violation and (b) whether, with respect to each tasing, the Defendants are entitled to summary judgment.

- Whether (a) the time interval between tasings and (b) the amount of time Parker had to adjust his behavior in between each tasing, are relevant to whether the tasings violated the Fourth Amendment. If so,

3

the parties shall explain how these issues are relevant to the analysis the Court must undertake;

- Whether Defendants were required to (or did) warn Parker before each tasing that he was about to be tased, and how the warning issue plays into the constitutionality of the tasings; and

- The impact on this case, if any, of the Sixth Circuit's recent published decision in *Palma v. Johns*, --- F.4th ---, 2022 WL 594046 (6th Cir. Feb. 28, 2022).

The Sixth Circuit has addressed the issues above in a wide variety of published and unpublished decisions. The Court therefore expects the parties' briefs to include a comprehensive analysis of these issues – and the others raised in the parties' original briefing – with substantial citations to, and analysis of, the applicable and controlling Sixth Circuit authority. Because of Defendants' counsel's current health issues, the Court will grant Defendants 45 days to file their motion.

Accordingly, for the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Defendants' currently-pending motion for summary judgment (ECF No. 54) is **DISMISSED WITHOUT PREJUDICE**;

4

- The parties' joint motion to adjourn the scheduled hearing on Defendants' motion for summary judgment (ECF No. 68) is **TERMINATED AS MOOT**; and

- Defendants may file a new motion for summary judgment as described above by no later than **May 2, 2022**.

**IT IS SO ORDERED**.

             s/Matthew F. Leitman
             MATTHEW F. LEITMAN
             UNITED STATES DISTRICT JUDGE

Dated: March 17, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 17, 2022, by electronic means and/or ordinary mail.

             s/Holly A. Ryan
             Case Manager
             (313) 234-5126